FILED
CLERK
4/29/2015 4:55 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
COREY DAVIS,

                  Plaintiff,

    -against-

DEVEREAUX CANNICK, AIELLO AND CANNICK
LLP, and KEVIN KEATING ESQUIRE,

                  Defendants.
------------------------------------------------------------------X

**ORDER**
14-CV-7571(SJF)(SIL)

FEUERSTEIN, District Judge:

On December 22, 2014, *pro se* plaintiff Corey Davis ("plaintiff") filed: (1) a complaint against defendants Devereaux Cannick, Esq. ("Cannick"), Aiello and Cannick LLP ("A&C") and Kevin Keating, Esq. ("Keating"), attorneys who represented him in a criminal proceeding in the United States District Court, District of Connecticut until his sentencing on December 19, 2008; and (2) an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee, *see* 28 U.S.C. §§ 1914(a) and 1915(a)(1), plaintiff's application to proceed *in forma pauperis* is granted. However, for reasons set forth below, plaintiff's complaint is *sua sponte* dismissed pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

I.     Discussion

    A.     Subject Matter Jurisdiction

As plaintiff is proceeding *pro* se, his submissions "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007); accord Ahlers v. Rabinowitz,

684 F.3d 53,60 (2d Cir. 2012). Nevertheless, *pro se* plaintiffs are not excused from the normal rules of pleading and dismissal. See Caidor v. Onondaga County, 517 F.3d 601, 605 (2d Cir. 2008) ("*Pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them."); Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983) (holding that a party's *pro se* status "does not exempt [him] from compliance with relevant rules of procedural and substantive law." (quotations and citation omitted)).

"Federal courts are courts of limited jurisdiction," Gunn v. Minton, — U.S. —, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)); see also Mims v. Arrow Fin. Servs., LLC, — U.S. —, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005) (holding that federal courts may not exercise jurisdiction absent a statutory basis); Kokkonen, 511 U.S. at 377, 114 S. Ct. 1673 (holding that federal courts "possess only that power authorized by Constitution and statute * * *.") Lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, — U.S. —, 132 S. Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Sebelius v. Auburn Reg'l Med. Ctr., — U.S. —, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."); Henderson ex rel. Henderson v. Shinseki, 562 U.S. 428, 131 S. Ct. 1197, 1202, 179 L. Ed. 2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to

2

subject-matter jurisdiction * * * may be raised at any time.") If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-63 (2d Cir. 2009).

Plaintiff asserts that jurisdiction is based upon this Court's diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332(a) and, indeed, no federal question is present in this action, as plaintiff asserts only state law claims against his privately retained attorneys. See, e.g. Sash v. Schwartz, No. 04 Civ. 9634, 2007 WL 30042, at * 4 (S.D.N.Y. Jan. 4, 2007), aff'd, 356 F. App'x 555 (2d Cir. Dec. 16, 2009) (finding that federal question jurisdiction was lacking where the complaint was based on allegations regarding the representation by the defendant, a privately retained attorney, of the plaintiff in a criminal proceeding in that court).

B.  Diversity of Citizenship

"[T]he jurisdiction of the court depends upon the state of things at the time of the action brought." Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 570, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004) (quoting Mollan v. Torrance, 22 U.S. 537, 6 L.Ed. 154, 9 Wheat. 537, 539 (1824)); see also Rockwell Int'l Corp. v. United States, 549 U.S. 457, 473, 127 S. Ct. 1397, 167 L. Ed. 2d 190 (2007). This "time-of-filing" rule "measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing [of the complaint]- whether the challenge [to jurisdiction] be brought shortly after filing, after the trial, or even for the first time on appeal." Grupo, 541 U.S. at 570-571, 124 S.Ct. 1920; see also Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 329 (2d Cir. 2001) ("The existence of federal jurisdiction over a case initially filed in federal court ordinarily depends on

3

the facts as they stood when the complaint was filed.")

Section 1332 "require[s] complete diversity between all plaintiffs and all defendants." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005); see also Pennsylvania Pub. Sch. Employees' Ret. Sys. v. Morgan Stanley & Co., Inc., 772 F.3d 111, 117-18 (2d Cir. 2014) (holding that Section 1332 "requires 'complete diversity,' i.e., all plaintiffs must be citizens of states diverse from those of all defendants.") "[I]t is well established that the party seeking to invoke jurisdiction under 28 U.S.C. § 1332 bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete." Herrick Co., 251 F.3d at 322-323; see also Pennsylvania Pub. Sch., 772 F.3d at 118 ("The party asserting jurisdiction bears the burden of proof.") "[D]iversity of citizenship should be distinctly and positively averred in the pleadings, or should appear with equal distinctness in other parts of the record[,]" Leveraged Leasing Admin. Corp. v. PacificCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996) (quotations and citation omitted); see also Richmond v. International Bus. Machs. Corp., 919 F. Supp. 107, 108 (E.D.N.Y. 1996) ("[D]iversity of citizenship must be apparent from the pleadings" (quoting John Birch Soc'y v. National Broad. Co., 377 F.2d 194, 197 (2d Cir. 1967))), and "[a] conclusory allegation in the Complaint regarding diversity of citizenship does not extinguish the Court's responsibility to determine, on its own review of the pleadings, whether subject matter jurisdiction exists." Richmond, 919 F. Supp. at 108. For the purpose of diversity jurisdiction, "a statement of the parties' residence is insufficient to establish their citizenship." Leveraged Leasing, 87 F.3d at 47; see also Canedy v. Liberty Mut. Ins. Co., 126 F.3d 100, 103 (2d Cir. 1997) ("[A[llegations of residency alone cannot establish citizenship * * *."); Young-Gibson v. Patel, 476 F. App'x 482, 483 (2d Cir. June 12, 2012) (summary order) ("[A]llegations of residency alone cannot establish whether parties are 'citizens of different states' for the purposes

4

of establishing subject matter jurisdiction under section 1132 [sic].")

"An individual's citizenship * * * is determined by his domicile. * * * Domicile is the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000); see also Univeral Reins. Co., Ltd. v. St. Paul Fire & Marine Ins. Co., 224 F.3d 139, 141 (2d Cir. 2000) ("A person is deemed a citizen of the state wherein he or she is domiciled, * * * and establishing one's domicile in a state generally requires both physical presence there and intent to stay.")

"It is well-established that a prisoner does not acquire a new domicile when he is incarcerated in a state different from his previous domicile." Poucher v. Intercounty Appliance Corp., 336 F. Supp. 2d 251, 253 (E.D.N.Y. 2004); accord Shovah v. Mercure, No. 2:11-cv-201, 2015 WL 1246062, at * 1 (D. Vt. Mar. 18, 2015); see also Urena v. Wolfson, No. 09-cv-1107, 2010 WL 5057208, at * 13 (E.D.N.Y. Dec. 6, 2010) ("[A] prisoner's domicile is determined by his pre-incarceration domicile and does not change if the prisoner is transferred to a facility outside of that state.") In this Circuit there is a presumption that "the prisoner retains his preincarceration domicile[,]" Poucher, 336 F. Supp. 2d at 253; accord Sash, 2007 WL 30042, at * 5; Gagliardi v. Ward, 967 F. Supp. 67, 69 (N.D.N.Y. 1997), rebuttable only upon a showing that the prisoner "has established a new domicile in his state of incarceration." Poucher, 336 F. Supp. 2d at 253-54.

The complaint in this action is based upon defendants' representation of plaintiff during a criminal proceeding commenced in the United States District Court for the District of Connecticut following his arrest for "various sex trafficking offenses" on or about December 27, 2006, (Compl., ¶ 5), until his sentencing on or about December 19, 2008, (Compl., ¶ 73), and

5

conclusorily alleges only that "[p]laintiff, at all times specified in th[e] Complaint, and at the present time, was and is a resident of the State of Florida, and citizen of these United States of America * * *." (Compl., ¶ 2). The complaint is devoid of any facts regarding plaintiff's pre-incarceration domicile, or upon which it may reasonably be inferred that plaintiff was a domiciliary or citizen of the State of Florida at the time he commenced this action.

Moreover, in a previous case commenced by plaintiff in this Court on June 12, 2009 based upon the same underlying criminal proceeding "in the United States District Court, District of Connecticut arising from his arrest on or about December 28th [sic], 2006 until his sentencing on December 19th, 2008," (see Compl., ¶ 2 in Davis v. Cannick, No. 09-cv-2817), plaintiff alleged, in direct contradiction to his allegations in this case, that he "was at all times mentioned [t]herein, an adult citizen of the United States of America and a resident of the State of New York."[1] (Id., ¶ 3). If, in fact, plaintiff was a citizen of the State of New York prior to his incarceration, there is no diversity of citizenship in this case, as all defendants are alleged to also be citizens of the State of New York.[2] (Compl., ¶¶ 3, 4).

---

[1] In another civil action commenced by plaintiff in this Court on April 17, 2012, in which he also invoked this Court's diversity jurisdiction under Section 1332, plaintiff alleged, *inter alia*, (1) that he was a "resident" of Beaver, West Virginia; and (2) that following his arrest on December 27, 2006, one of the defendants named therein, who "reside[d]" in Hempstead, New York, "act[ed] as the custodian of all of plaintiff's personal property" and "supervised the loading of [a] container [from PODS Inc.] with plaintiff's property" at plaintiff's residence. See Davis v. Brown, No. 12-cv-1906 (Compl., ¶¶ 2-3, 5-6).

[2] Plaintiff's allegations regarding defendants' citizenship are also insufficient, insofar as he does not allege the citizenship of Cannick or the other members of A&C, see Grupo Dataflux, 541 U.S. at 569, 124 S. Ct. 1920 (holding that a limited partnership is a citizen of each state or foreign county of which any of its partners is a citizen); Carden v. Arkoma Assocs., 494 U.S. 185, 195-96, 110 S. Ct. 1015, 108 L. Ed. 2d 157 (1990) (holding that a limited partnership has the citizenship of each of its members), and he alleges only that Keating is a "resident" of New York whose practice is located in New York. (Compl., ¶ 4).

Since the complaint, on its face, does not adequately allege diversity of citizenship, see Canedy, 126 F.3d at 103 (finding that the complaint failed to comply with Rule 8(a)(1) of the Federal Rules of Civil Procedure where, *inter alia*, it merely alleged that the plaintiff was a "resident" of Virginia), this action is dismissed in its entirety without prejudice **unless, on or before June 1, 2015, plaintiff files an amended complaint pleading sufficient allegations from which the Court may ascertain that it has subject matter jurisdiction over this action**. See, e.g. Lorenz v. Managing Dir., St. Luke's Hosp., No. 09 Civ. 8898, 2010 WL 4922267, at * 5 (S.D.N.Y. Nov. 5, 2010), report and recommendation adopted by 2010 WL 4922541 (S.D.N.Y. Dec. 2, 2010) (recommending dismissal for lack of subject matter jurisdiction where "it was not clear from the face of [the] complaint where [the plaintiff] was domiciled for purposes of diversity jurisdiction at the time the complaint was filed.")

II.  Conclusion

For the reasons set forth above, plaintiff's application for leave to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed without prejudice for lack of subject matter jurisdiction **unless, on or before June 1, 2015, plaintiff files an amended complaint pleading sufficient allegations from which the Court may ascertain that it has subject matter jurisdiction over this action**. Pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court shall serve notice of entry of this order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure, and record such service on the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

**SO ORDERED**.

                                                  /s/
                                   Sandra J. Feuerstein
                                   United States District Judge

Dated:       April 29, 2015
               Central Islip, New York